**816**

## In re FRANK REALTY CO.
### No. 10069.

District Court, M. D. Pennsylvania.
March 7, 1940.

Ben W. Goldberg, of Wilkes-Barre, trustee.

David Rosenthal, of Wilkes-Barre, special master.

Felix W. Bolowicz, Ben R. Jones, Jr., and Michael Donohue, all of Wilkes-Barre, Pa., for creditors.

JOHNSON, District Judge.

On February 26, 1940, with due notice to all interested parties, an adjourned hearing was held in the Federal Building at Wilkes-Barre, Pennsylvania, to consider whether the appointment of the trustee in the above case should be made permanent, and to consider any other matters which might come before the court at that time concerning these proceedings. There were present at the hearing Mr. Anthony E. Frank, Jr., president of the debtor corporation, Ben W. Goldberg, Esq., trustee, David Rosenthal, Esq., referee in bankruptcy to whom the case was referred as special master, Felix W. Bolowicz, Esq., Ben R. Jones, Jr., Esq., and Michael Donohue, Esq., representing respectively as petitioning creditors, Kingston National Bank, Henry W. Banks and Emma L. Banks, his wife, and Glen Lyon National Bank, all of whom hold mortgages on certain properties of the debtor.

No objection was made to continuing Ben W. Goldberg, Esq., as trustee, and it was agreed by all concerned that it would be for the best interests of the estate to continue him as trustee.

It then appeared that there were three petitions before the special master for hearing, which were by agreement of the parties presented directly to the judge for argument. The nature of the petitions was as follows: Three pieces of real estate constitute the entire assets of the debtor. In respect to each property a petition has been presented by the mortgagee for a rule on the trustee to show cause why he should not disclaim these several properties because there is no equity in them available to the trustee in the reorganization proceedings. These rules were granted and referred to the special master for hearing and recommendation. In each case the unpaid mortgage exceeds the appraised value of the property. The trustee has entered of record a statement under oath, admitting the allegations of the petitions for disclaimer, and he has stated that he intends filing no answers thereto. Since all parties had notice of this hearing, and since any relevant matters could properly be presented to the court at this time, the court has agreed to consider the disclaimer petitions without first requiring the special master to hear them and make recommendations thereon.

After carefully considering all facts presented at the hearing, this court is of the opinion that there is no equity for the estate in any of the three properties of the debtor. The trustee in reorganization proceedings may, with leave of court, disclaim burdensome assets or assets so encumbered by prior liens that no equity is left for the debtor's estate: I Gerdes on Corporate Reorganizations, sec. 398, and

cases there cited; II Gerdes on Corporate Reorganizations, sec. 586; 10 Remington on Bankruptcy, sec. 4530, and cases there cited. And where by leave of court the trustee disclaims all of the debtor's property and assets for these reasons, the court should order dismissal of the reorganization proceedings, and allow the lienholders to pursue their remedies in the state courts, rather than order liquidation in the federal court. In re Cosmopolitan Hotel, 10 Cir., 85 F.2d 851; 10 Remington on Bankruptcy, sec. 4634. It appears, therefore, that here the trustee should be authorized to disclaim the three properties, and the court should order dismissal of reorganization proceedings.

There remains the question of expenses incurred in the reorganization proceedings. The appraisers have been allowed fees and expenses totaling $610.00, and there have been necessary advertising expenses incurred by the special master pursuant to court order. Further, the special master and the trustee should be allowed reasonable fees and expenses for their services. All of these items should be paid, for the officers have done their work in good faith. The amount of fees and expenses allowable to the special master and the trustee will be determined by this court upon petition and hearing.

The court will authorize the trustee to disclaim the three properties of the debtor upon payment by the petitioning mortgagees of the costs and expenses of the reorganization proceedings, each mortgagee to pay one-third of such expenses. The court will then order dismissal of these proceedings. The trustee will be continued pending disposition of the reorganization proceedings.

Therefore, it is ordered that the appointment of Ben W. Goldberg, Esq., as trustee, be, and the same is hereby, made permanent.

Further, it is ordered that the petitioning mortgagees shall, within ten days from the date of this order, file with the clerk of this court a written statement either accepting or rejecting the above plan, and thereupon this court shall make further orders to effect the recommended disposal of these proceedings.

Further, it is ordered and decreed that any mortgagee who fails to file such statement within the time limited, shall be deemed to have accepted the proposal of this court as outlined above, and he shall be deemed to have agreed to pay one-third of the costs and expenses incurred in this reorganization proceeding.